N. B. FRANCE, Appellee, v. E. D. SMITH et al., Appellants.

1. **Appeal**: DELAY IN FILING ADDITIONAL ABSTRACT. Delay in filing an additional abstract is not sufficient ground for striking it from the files, where no prejudice is shown to have resulted therefrom.

2. ———: AFFIDAVITS TO CONTRADICT RECORD. Affidavits can not be considered in the supreme court to show that the translation of the shorthand reporter's notes was changed before an additional abstract thereof was made. The remedy in such case is by application to the lower court to correct the record, for which purpose this court will grant time; in a proper case, when asked.

3. **Usury**: EVIDENCE. Notes taken for money loaned to pay off usurious notes are not tainted with usury, even though the lender knows that the money is used for the payment of notes which are usurious.

*Appeal from Polk District Court.*—HON. CHARLES H. BISHOP, Judge.

WEDNESDAY, FEBRUARY 1, 1893.

ACTION to recover the amount due on two promissory notes. There was a trial to the court, without the intervention of a jury, and a judgment in favor of the plaintiff. The defendants appeal.—*Affirmed.*

*Ira W. Anderson,* for appellants.

*J. K. Macomber* and *Frank Y. Locke,* for appellee.

ROBINSON, C. J.—The notes in suit were made by the defendants on the fifteenth day of February, 1890, in favor of the plaintiff, were payable on the twenty-second day of March, 1890, and bear interest at the

rate of ten per cent. per annum, payable semiannually. One was given for the sum of one hundred and seventy-five dollars, and the other for the sum of one hundred and forty-eight dollars and twenty-five cents. The defendants claim that the notes are usurious. Judgment was rendered in favor of the plaintiff for the full amount of the notes.

I. A motion has been filed by the appellants to strike from the files an additional abstract of the appellee, on the ground that it was not filed within the time prescribed by the rules of this court. With the motion is filed an affidavit which states, in substance and effect, that the abstract was prepared from the reporter's translation of his notes of the evidence, and was correct, and that the translation was afterwards changed. A counter affidavit was also filed. It does not appear that any prejudice has resulted from the delay in filing the additional abstract, and delay alone is not sufficient ground for striking it from the files. *Lathrop v. Doty*, 82 Iowa, 274. If the appellants have been wronged by the change in the translation of the shorthand reporter's notes, they should have applied to the district court for relief. On a proper showing, we would grant time in which to make such an application for the correction of the record, but time is not asked in this case. Moreover, it is not shown that the translation was changed without authority, nor that it is not correct as changed. However that may be, it is sufficient to say that it has been frequently held that affidavits can not be received in this court to contradict the records of the lower courts. The motion is overruled.

II. The facts in this case, as disclosed by the evidence, are as follows: George H. France was a loan broker, and the husband of the plaintiff. In the year 1889 he had in his possession

*1. APPEAL: delay in filing additional abstract.*

*2. ——: affidavits to contradict record.*

*3. USURY: evidence.*

money for investment which belonged to his father, William France. In July, and again in August, of that year, the defendants employed George H. France to procure loans of his father, for which the defendants agreed to pay a commission, and later an extension of time was obtained by the defendants, on one or both of the loans so procured, for which they also agreed to pay a commission. The commissions so agreed upon were to be paid to the son, although it is probable that the father had knowledge of them. The notes in suit were given to the plaintiff to pay the amount due on the notes given to the father, and sums which the defendants were owing to George H. France for his services. Whether the notes given to William France were usurious we need not inquire, for the reason that the evidence fully warranted the district court in finding that the notes in suit were given for money which belonged to the plaintiff, in a sum equal to the amount of the two notes, and that no commission for procuring that money was paid or charged. If it be true, as claimed, that the notes to William France were usurious, it would not follow that those in suit are also usurious. They were given as a separate and independent transaction, and would not have been tainted with usury had the plaintiff known that the money she furnished for them was to be used in satisfying usurious notes. *Brown v. Cass County Bank,* 86 Iowa, 527.

We conclude that the evidence fully sustains the judgment. It is, therefore, AFFIRMED.